UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

W CHAPPELL MUSIC CORP. d/b/a WC
MUSIC CORP., MUSZEWELL, LEON          :
WARE MUSIC, NAUGHTY MUSIC, WUT'       :
SHAWAN-A DO MUSIC, INC.,              :   Civil Action No.:
EMERGENCY MUSIC, INC., and SHAPIRO    :
BERSTEIN & CO., INC.,                 :
                                      :
                          Plaintiffs, :   **COMPLAINT**
  -against-                           :
                                      :
AMERICAN CONSUMER SHOWS, LLC,         :
and CRAIG GITLITZ,                    :
                                      :
                         Defendants.  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x


   Plaintiffs, by their undersigned attorneys, allege:

   1.  This is a suit for copyright infringement under Title 17 of the United States Code.

   2.  This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), and venue in this District is proper pursuant to 28 U.S.C.§ 1400(a).

   3.  Plaintiffs allege four (4) causes of action for copyright infringement based on the Defendant's public performances of Plaintiffs' copyrighted musical compositions. SCHEDULE A, annexed to the Complaint, sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendant's acts of infringement.

## THE PARTIES

4.      The Plaintiffs named in Column 2* are the owners of the copyrights in the original musical compositions listed in Column 3 and are properly joined in this complaint under Rule 20 of the Federal Rules of Civil Procedure.

5.      On information and belief, Defendant American Consumer Shows, LLC ("ACS") is a limited liability company organized under the laws of the State of New York with offices at 6901 Jericho Turnpike, Suite 250, Syosset, NY 11791.

6.      ACS is a producer of consumer shows in the United States, including in Florida, and has engaged in this business for over 10 years. ACS advertises online (www.acsshows.com) that it produces over 130 bridal shows and over 80 home shows annually in the United States and that it currently has over 20 shows scheduled for Florida for March 2025 to March 2026.  In January 2025, ACS produced the Bridal and Wedding Expo (the "Bridal and Wedding Expo"), at the Broward County Convention Center, located at 1950 Eisenhower Boulevard, Fort Lauderdale, Florida 33316.

7.      As the producer of the Bridal and Wedding Expo, ACS was in control of the Broward County Convention Center for the duration of the show and had the right to supervise and control the activities of the exhibitors and vendors attending the show, including activities relating to the public performance of musical compositions at the Bridal and Wedding Expo.

8.      Musical compositions were publicly performed at the Bridal and Wedding Expo by at least five (5) DJ's and performers.

9.      On information and belief, defendant Craig Gitlitz ("Gitlitz" and, together with ACS, the "Defendants") was, and still is, the founder and an officer, director, manager, member, and/or owner of ACS.

---

* All references to "columns" herein refer to the numbered columns set forth in SCHEDULE A.

10.     On information and belief, at all times hereinafter mentioned, Gitlitz has had the ability to control and manage the operation and affairs of ACS.

11.     This Court has jurisdiction over the Defendants as (a) the causes of action herein alleged arise out of the following conduct by Defendants, either personally or through their agents: operating, conducting, engaging in, or carrying on a business or business venture in the State of Florida and/or committing a tortious act in the State of Florida (including the acts of copyright infringement in Broward County, Florida on which the claims alleged herein are based); and/or (b) the Defendants have sufficient systematic and continuous contacts with the State of Florida and have engaged in substantial and not isolated activity within the State of Florida at all relevant times hereto.

12.     On information and belief, at all times hereinafter mentioned, Defendants jointly had the right and ability to supervise and control the activities that take place at the Bridal and Wedding Expo, including the right and ability to supervise, control and prevent the public performance of musical compositions at the Bridal and Wedding Expo.

13.     Each Defendant derives a financial benefit from the public performance of musical compositions at the Bridal and Wedding Expo.

### FACTS SPECIFIC TO DEFENDANTS' INFRINGEMENT OF PLAINTIFFS' COPYRIGHTED MUSICAL COMPOSITIONS

14.     The Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its more than one million songwriter, composer, and music publisher members.

15.     Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions. On behalf of its members, ASCAP licenses public performances of its members'

musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

16.    Since 2016, ASCAP representatives have made more than fifty (50) attempts to contact the Defendants, or their representatives, agents, or employees, to offer an ASCAP license for the shows produced by ACS. ASCAP has contacted Defendants by phone, by mail, and by e-mail.

17.    Defendants have refused all of ASCAP's license offers for the shows that ACS produces and have falsely denied any use of music at their shows, including through DJ's.

18.    ASCAP's various communications gave Defendants notice that unlicensed performances of ASCAP's members' musical compositions at the Bridal and Wedding Expo constitute copyright infringement of ASCAP's members' copyrights in their musical works.

19.    Notwithstanding the foregoing, Defendants have continued to present public performances of the copyrighted musical compositions of ASCAP members at the shows produced by ACS, including the Bridal and Wedding Expo, and including the copyrighted works involved in this action, without permission, during the hours that the shows are open to the public for business.

20.    The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

21.    Each composition was published on the date stated in Column 5, and since the date of publication has been printed and published in strict conformity with Title 17 of the United States Code.

22.    The Plaintiffs named in each cause of action, including their pre-decessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of

each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

23.    Defendants on January 5, 2025, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by performing publicly the compositions at the Bridal and Wedding Expo in Broward County, Florida, for the entertainment and amusement of the patrons attending said show, and Defendants threaten to continue such infringing performances at future shows that ACS is producing.

24.    The public performances at the Bridal and Wedding Expo of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 7 were unauthorized: neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer was licensed by, or otherwise received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

25.    In undertaking the conduct complained of in this action, including by refusing to accept a license for the public performance of copyrighted musical compositions in the ASCAP repertoire and by denying any use of music of any nature at the shows that ACS produces, Defendants knowingly and intentionally violated Plaintiffs' rights.

26.    The many unauthorized performances at the Bridal and Wedding Expo include the performances of the four copyrighted musical compositions upon which this action is based.

27.    At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was an owner of the copyright in the composition therein named.

28.    The said wrongful acts of Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and

unless this Court restrains Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

I.  That Defendants and all persons acting under the direction, control, permission or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions -- or any of them -- and from causing or permitting the said compositions to be publicly performed at any consumer show that is produced by ACS, or at any place owned, controlled, managed, or operated by Defendants, and from aiding or abetting the public performance of such compositions at any such show or in any such place or otherwise.

II.  That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1) and (2), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred and Fifty Dollars ($750) in each cause of action herein alleged, or not more than One Hundred and Fifty Thousand Dollars ($150,000) in each cause of action herein alleged for any infringement found to be intentional.

III.  That Defendants be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

IV.  For such other and further relief as may be just and equitable.

Dated: March 3, 2025

By: */s/ Frederick D. Page*
Frederick D. Page
Florida Bar No. 968587
**BISHOP PAGE & MILLS PLLC**
510 North Julia Street
Jacksonville, Florida 32202
Telephone: 904.598.0034
*fpage@bishoppagemills.com*
*service@bishoppagemills.com*